IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JOHN DOE, M.D., PH.D., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:24-CV-49-MJT-CLS |
| | § | |
| U.S. DEPARTMENT OF HEALTH | § | |
| AND HUMAN SERVICES, | § | |
| | § | |
| *Defendant.* | § | |

**ORDER ADOPTING THE REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the Court referred this proceeding to the Honorable Christine L. Stetson, United States Magistrate Judge, to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. Tex. Loc. R. CV-72.

On May 19, 2026, Judge Stetson issued a Report and Recommendation advising the Court to grant the parties' Joint Motion [Dkt. 35] as to remand but not as to entering final judgment. *See* [Dkt. 36 at 2]. Rather than dismiss the case, Judge Stetson recommended that the Court retain supervisory jurisdiction until the Department of Health and Human Services (HHS) reconsidered its challenged decision on remand, requiring the parties to submit joint status reports until then. Primarily, Judge Stetson was concerned that dismissal may raise preclusion issues that could prevent Plaintiff Dr. Doe from requesting judicial review of HHS's reconsideration. [*Id.*] Dr. Doe objected to Judge Stetson's Report and Recommendation on June 1, 2026. [Dkt. 37]. He argues that the Court should follow what he claims to be the "norm"—remand "without retaining oversight." [*Id.* at 2] (quoting *Baystate Med. Ctr. v. Leavitt*, 587 F.Supp.2d 37, 41 (D.D.C. 2008).

The Court therefore conducts a *de novo* review of whether it should retain oversight of the HHS proceedings on remand and require periodic status reports.  At bottom, nothing dictates the Court's ruling in these circumstances.  As the case that Dr. Doe relies on states, the decision regarding supervisory jurisdiction is wholly within "the discretion" of the Court.  *Baystate Med. Ctr.*, 587 F.Supp.2d at 41.  Indeed, "federal courts regularly retain jurisdiction until a federal agency has complied with its legal obligations[] and have the authority to compel regular progress reports in the meantime."  *Cobell v. Norton*, 240 F.3d 1081, 1109 (D.C. Cir. 2001).  Moreover, the Court should not "abdicate its responsibility to ensure that its instructions are followed."  *Id.*

Dr. Doe points out that supervisory jurisdiction is "typically reserved for cases alleging unreasonable delay of agency action or failure to comply with a statutory deadline, or for cases involving a history of agency noncompliance with court orders or resistance to fulfillment of legal duties."  [Dkt. 37 at 3] (quoting *Baystate Med. Ctr.*, 587 F.Supp.2d at 41).  Here, he asserts that "none" of those factors are present.  [*Id.*]  But there is a long history between Dr. Doe and HHS, *see, e.g.*, *Doe v. U.S. Dep't of Health & Human Servs.*, 165 F.4th 903, 905 & n.1 (5th Cir. 2026), and Dr. Doe remains unsatisfied with the agency.  Although he posits that the "risks of preclusion" alluded to in Judge Stetson's Report and Recommendation are overstated because the "new agency action" will be subject to challenge "in judicial proceedings separate from this one,"[1] [Dkt. 37 at 2, 3], a question remains regarding his other claims in this action, which the Fifth Circuit did not mention.  *See Doe*, 165 F.4th at 906–07 (Haynes, J., concurring in part and dissenting in part).

---

[1] Nothing requires Dr. Doe to bring a new action if he desires to challenge HHS's post-remand actions.  The "must" language cited by Dr. Doe [Dkt. 37 at 3] comes from *Heartland Regional Medical Center v. Leavitt*, 415 F.3d 24 (D.C. Cir. 2005), but that court found that a separate action was required to raise a subsequent APA challenge because the case arose under a motion to enforce a judgment but the judgment did not mention the new agency action being challenged and thus no enforcement of the judgment could attack HHS's actions as desired by the challengers, *see id.* at 25, 29–31.  *Cf. Matson Navigation Co., Inc. v. U.S. Dep't of Transp.*, 480 F.Supp.3d 282, 285–86 (D.D.C. 2020) (noting that the "general rule" is for remand orders to be non-final and not accompany final judgment but departing from that rule because, for one, the court had "not issued any instructions to [the agency] regarding the remand").

Ultimately, the Court is not convinced that Dr. Doe is free from all risks of preclusion and declines to enter final judgment and close this matter. As to his asserted hardships, [Dkt. 37 at 5], although Dr. Doe has relocated his residence, he remains in the Eastern District of Texas. Further, filing joint status reports is not a burden.[2] Finally, two separate district courts have heard and ruled on the disputes between Dr. Doe and HHS, a third seems unnecessary. As such, Dr. Doe's Objections [Dkt. 37] are **OVERRULED** and the Report and Recommendation [Dkt. 36] is **ADOPTED**. It is hereby

**ORDERED** that HHS's January 30, 2024 decision regarding Dr. Doe's December 18, 2023 request for reconsideration is **VACATED** and that Dr. Doe's December 18, 2023 request for reconsideration is **REMANDED** to HHS for reconsideration in accordance with the Fifth Circuit's ruling in No. 24-40778 [Dkt. 33-1 at 3–4], which mandates that HHS follow the procedure found in its National Practitioner Data Bank Guidebook (2018). It is

**FURTHER ORDERED** that this case shall be **STAYED** until the parties provide notice that HHS has completed reconsideration. Until completion, the parties shall file a joint status report on the progress of HHS's reconsideration on November 30 and May 31 of each year. The case will remain stayed until further order from the court.

**SIGNED this 16th day of June, 2026.**

Michael J. Truncale
United States District Judge

---

[2] To the point that the reports impose "added expense" because of "the cost of counsel," the interim reports need only be one sentence informing the court whether HHS has completed reconsideration or not.

3